UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER MCGOVERN | * | CIVIL ACTION |
| **Plaintiff** | * | |
| | * | NO. 2:19-cv-12525 |
| VERSUS | * | |
| | * | JUDGE |
| ENTERPRISE RESTORATION | * | |
| SERVICES, L.L.C. AND | * | MAGISTRATE |
| JOHN W. ADAMS, III, | * | |
| | * | |
| **Defendants** | * | |
| | * | |

*******************************************

# COMPLAINT

Plaintiff CHRISTOPHER MCGOVERN, hereby avers as follows:

## THE PARTIES

1. CHRISTOPHER MCGOVERN is an individual of the full age of majority. He lives in Atlanta, Georgia, and is a resident and domiciliary of the State of Georgia.

2. Defendant ENTERPRISE RESTORATION SERVICES, L.L.C., is a Louisiana limited liability company with its registered mailing address within this state located at 26 Tupelo Trace, Mandeville, Louisiana. On information and belief, that address is the residence of JOHN W. ADAMS, III, the sole member of ENTERPRISE RESTORATION SERVICES, L.L.C.

3. Defendant JOHN W. ADAMS, III, is an individual of the full age of majority. He lives in Mandeville, Louisiana, and is a resident and domiciliary of the State of Louisiana.

## JURISDICTION AND VENUE

4. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. The Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. JOHN W. ADAMS, III, who is the sole member of ENTERPRISE RESTORATION SERVICES, L.L.C. resides within this District. Thus, ENTERPRISE RESTORATION SERVICES, L.L.C. is a resident of this district for purposes of personal jurisdiction and venue.

7. All Defendants regularly transact business within this District and are subject to personal jurisdiction here.

8. Venue is proper in this Court. 28 U.S.C. § 1391.

9. The transactions and occurrences alleged herein involved actions in Louisiana, Kentucky, and Georgia, and therefore constitute interstate commerce.

10. Each Defendant is regularly engaged in commerce pursuant to 29 U.S.C. § 203(s).

11. Upon information and belief, Defendant's annual volume of sales made and business done has exceeded $500,000.00 for each year during the relevant time period.

## FACTUAL ALLEGATIONS

12. The events that give rise to this Complaint occurred in connection with consulting, monitoring, and construction on real property located at 1450 South 10th Street, Louisville, Jefferson County, Kentucky (hereinafter "the Premises"). The Premises were owned and/or operated by Mafcote, Inc. and/or Royal Consumer Productions.

13. Enterprise was initially hired by Starr Technical Insurance on July 26, 2017, to perform "clerk of the works" services, job site auditor, and to monitor Servpro, who was hired by Mafcote, Inc. and/or Royal Consumer Productions to perform remediation and mitigation of property damage to the Premises. Enterprise was also tasked by Starr Technical Insurance to prepare an initial reconstruction estimate.

14. Mafcote, Inc. and/or Royal Consumer Production thereafter into a construction agreement with Enterprise and/or John W. Adams, III on or about August 2017 to perform work, repair, and improvement of the Premises (hereinafter "the Project").

15. Mafcote, Inc. and/or Royal Consumer Productions made regular payments to Defendants for work done on the Project.

16. Enterprise and John W. Adams, III hired Plaintiff in July 2014 as an independent contractor. Approximately one year later, Plaintiff was transitioned to a salary position with Defendants.

17. In regard to the Project, Plaintiff started in August 2017 as the on-site consultant and then transitioned into the expanded roles of project estimator, sales, and ultimately the full time project manager to oversee the work on the Project.

18. The Project started in August 2017 and on-site work continued until approximately May 2018, with additional administrative work continuing on the Project for several weeks.

19. Plaintiff worked for Defendants traveling to and from his home in Atlanta, Georgia to the Project in Louisville, Kentucky from August 2017 to April 2018.

20. Pursuant to oral agreement, Plaintiff's annual salary was $72,000.00.

21. Commission on the Project was set at a fixed amount totaling $90,000.00 for the initial contract, plus change orders up to $2,500,000.00. If the final contract price exceeded the $2,500,000.00, then additional commission could be earned by Plaintiff. The final contract amount did not exceed the $2,500,000.00 bid price.

22. However, Defendant did not pay Plaintiff *via* a bona fide commission plan.

4810-6331-5876, v. 1

23. Plaintiff was to be reimbursed 100% expenses associated with travel, lodging, meals, etc. to the project in Louisville, Kentucky, but expenses were not paid in full by Defendants. The total balance of unpaid expenses is $932.22.

24. Plaintiff complained about the way in which his salary, commission and expenses were not being paid, but Defendants' wrongful practices did not change.

25. At the time of Plaintiff's resignation on September 21, 2018, there was a significant sum of outstanding paychecks, commission, and expenses due and owing to him based on the currently pending and/or completed work on the Project, including work which had been fully paid for by Starr Technical Insurance, Mafcote, Inc. and/or Royal Consumer Productions.

26. The last funds of any kind that Plaintiff received from Defendants were on September 12, 2018 for three payroll checks covering past due payroll periods from April 7, 2018 to April 20, 2018; April 21, 2018 to May 4, 2019; and May 19, 2018 to June 1, 2018. No additional funds have been received since that date, despite numerous verbal commitments by JOHN W. ADAMS, III that he would be issuing additional payments.

27. Plaintiff was not paid any salary or wages whatsoever for the pay period of May 5, 2018 to May 18, 2018, and was not paid any salary or wages whatsoever for any work weeks during the months of June, July, August, and September 2018.

28. Plaintiff is owed commission on jobs for the following customers: Mafcote, Inc. and Royal Consumer Productions.

29. On information and belief, there may be other commissions still due and owing to Plaintiff. However, the relevant records relating to those commissions are solely within Defendants' possession, custody, or control.

4810-6331-5876, v. 1

30. Plaintiff estimates that the sum of commissions due and owing is approximately $39,000.00. The records necessary to more accurately calculate that figure are within Defendants' possession, custody, and control.

31. Plaintiff has repeatedly made demands upon Defendants for payment of the unpaid wages, to no avail.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 206-207)
### AGAINST ALL DEFENDANTS

32. Plaintiff hereby realleges and reincorporates paragraphs 1 – 31.

33. The FLSA requires that employers pay employees a minimum wage of at least $7.25 per hour, plus an overtime premium at a rate of at least one and one-half times their regular rate, for all hours over forty in a workweek.

34. Defendants have not paid Plaintiff any of the wages due to him for work performed during the workweeks set forth above, including overtime premiums for hours worked over forty in a workweek.

35. Defendants had actual and constructive knowledge that Plaintiff performed work during those workweeks, and that he worked more than 40 hours in a week.

36. Defendants' nonpayment of minimum wage and overtime was willful and not based in a good faith belief that their conduct was in accordance with the law.

37. Plaintiff has therefore been damaged in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### QUANTUM MERUIT/UNJUST ENRICHMENT

38. Plaintiff hereby realleges and reincorporates paragraphs 1 – 37.

39. Defendants have not paid Plaintiff for all hours worked under forty in a workweek, known as "straight time" or "gap time."

40. Payment for those hours was duly earned by Plaintiff but has not been paid. Defendants' failure to pay for this labor has unjustly enriched them and impoverished Plaintiff.

41. There is no justification for Defendants' unlawful actions, and Plaintiff has no other adequate remedy at law for Defendants' nonpayment of the straight time or gap time hours.

42. Defendants' unlawful actions have injured Plaintiff in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT/IMPLIED CONTRACT

43. Plaintiff hereby realleges and reincorporates paragraphs 1 – 42.

44. In or around 2015, Plaintiff and Defendants entered into a verbal compensation contract. Under the terms of that contract, Plaintiff was entitled to a fixed dollar salary totaling $72,000.00 per year.

45. In or around August 2017, Plaintiff and Defendants entered into a written compensation contract. Under the terms of that contract, Plaintiff was entitled to a fixed dollar commission totaling $90,000.00 for the initial contact price.

46. Plaintiff has fully performed his obligations under the parties' contract and has rightfully earned commissions and salary as set forth in the prior paragraphs.

47. Defendants have not paid the commission and salary due and owing to Plaintiff. Plaintiff demanded payment of this money in writing but was rebuffed.

48. Defendants are liable to Plaintiff for all sums due and owing under the August 2017 contract.

### FOURTH CAUSE OF ACTION
### LOUISIANA WAGE PAYMENT ACT (LA. REV. STAT. §§ 23:631-632)

49. Plaintiff hereby realleges and reincorporates paragraphs 1 – 48.

4810-6331-5876, v. 1

50. Defendants failed to pay Plaintiff all sums owed to him within 15 days after the end of his employment.

51. Plaintiff has repeatedly demanded payment of his wages from Defendants but has still not received the money owed to him.

52. Defendants' actions violate the Louisiana Wage Payment Act, La. Rev. Stat. § 23:632, and Plaintiff is entitled to 90 days' penalty wages along with reasonable attorneys' fees.

## JURY DEMAND

53. Plaintiff hereby requests a trial by jury on all counts so triable.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a. For an award of all unpaid wages, minimum wage, and overtime according to proof;

b. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

c. For an award of reasonable attorney's fees;

d. For costs of suit;

e. For an award of penalties pursuant to La. Rev. Stat. § 23:632;

f. For injunctive and equitable relief as provided by law; and

g. For pre and post-judgment interest.

Plaintiff further prays for such other and further relief as may be proper and this Honorable Court is competent to grant.

NEW ORLEANS, LOUISIANA, this 10th day of September 2019.

 Respectfully submitted:

 **The Chopin Law Firm LLC**

 <u>**/s/ Adam P. Sanderson**</u>
 **RICHARD A. CHOPIN (La. 4088)**
 **JUSTIN M. CHOPIN (La. 31100)**
 **ADAM P. SANDERSON (La. 31312) (TA)**
 **MICHAEL D. LETOURNEAU (La. 32556)**
 650 Poydras Street, Suite 1550
 New Orleans, Louisiana 70130
 Telephone: Dick Direct: 504-229-6682
     Justin Direct: 504-229-6681
     Adam Direct: 504-517-1675
     Mike Direct: 504-229-6685
     Phil Direct: 504-517-1673
 Facsimile: 504-324-0640
 E-mail: Rchopin@ChopinLawFirm.com
    Justin@ChopinLawFirm.com
    Adam@ChopinLawFirm.com
    Mike@ChopinLawFirm.com
    Phil@ChopinLawFirm.com

 *-and-*

 Charles J. Stiegler, #33456
 STIEGLER LAW FIRM LLC
 318 Harrison Ave., #104
 New Orleans, La. 70124
 (504) 267-0777 (telephone)
 (504) 513-3084 (fax)
 Charles@StieglerLawFirm.com

 ***Attorneys for Christopher McGovern***

4810-6331-5876, v. 1