UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER MCGOVERN | CIVIL ACTION |
| VERSUS | NO. 19-12525 |
| ENTERPRISE RESTORATION SERVICES, L.L.C., AND JOHN ADAMS, III | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant John Adams's motion to dismiss plaintiff's original complaint[1] and plaintiff's motion to enforce a settlement agreement.[2] Because plaintiff has filed an amended complaint—which defendant does not move to oppose—the Court denies defendant's motion to dismiss. And because the parties entered into a binding contract, the Court grants plaintiff's motion to enforce the settlement agreement.

### I. BACKGROUND

This case arises from a dispute between a construction worker and his employer. Enterprise Restoration Services, L.L.C., and its sole owner, John

---

[1] R. Doc. 12.
[2] R. Doc. 14.

Adams, III, hired plaintiff Christopher McGovern as an independent contractor.[3] A year later, plaintiff transitioned to a full-time position.[4] Enterprise was hired to do work on a damaged property in Louisville, Kentucky.[5] Plaintiff worked on that project as an on-site consultant and eventually became the project manager.[6] Plaintiff alleges he was not paid any salary or wages for work on the Louisville project for various weeks in May 2018, and for the entirety of his work in June, July, August, and September 2018.[7] Plaintiff also alleges that he was not paid a commission he was owed, and that defendant owes him $932.22 in unpaid expenses.[8]

McGovern brought this suit for unpaid wages in September 2019.[9] The parties entered negotiations to try to settle the dispute.[10] In particular, between January 9 and January 20, 2020, the parties made significant progress in their negotiations.[11] On January 9, 2020, Alex Peragine, counsel for defendant, stated in an email that his "best offer is to pay $1,000 per

---

[3]  *See* R. Doc. 21 at 3 ¶ 16.
[4]  *See id.*
[5]  *See id.* at 3 ¶¶ 12-13.
[6]  *See id.* at 3 ¶ 17.
[7]  *See id.* at 4 ¶¶ 26-27.
[8]  *See id.* at 4 ¶¶ 21-23.
[9]  R. Doc. 1.
[10] *See* R. Docs. 14-4, 14-6, and 14-7 (emails between counsel discussing settlement).
[11] *See* R. Docs. 14-6 and 14-7.

2

month until we pay it off."[12] Adam Sanderson, counsel for plaintiff, responded on January 16 that "I think we may be getting close to a resolution."[13] He made a counteroffer: "$1,000.00/month until the total claim is paid off, and Trey/ERS agree to defend and indemnify Chris" in certain Kentucky state court litigation.[14] Peragine said he would confer with his client.[15]

On January 20, 2020, Sanderson followed up: "I am circling back on our offer. Any updates?"[16] Defendant's attorney responded: "Am thinking we are probably good. What is the amount of 'total claim' in your view?"[17] Sanderson responded that he believed the claim was "in the $70k range,"[18] to which Peragine replied: "Ok and we are good to go on it. How do we want to handle this from here?"[19] Sanderson followed up by stating that he would draft a settlement agreement letter to "confirm that settlement has been reached, along with a consent judgment . . . . I just ask that you review and

---

[12]   R. Doc. 14-7 at 4.
[13]   *Id.*
[14]   *Id.*
[15]   *See id.* at 3.
[16]   R. Doc. 14-7 at 2.
[17]   *Id.*
[18]   *Id.*
[19]   *Id.*

3

propose any revisions by tomorrow afternoon."[20] The parties then agreed to use a promissory note instead of a consent judgment.[21]

But no settlement was formally executed. Instead, defendant filed a motion to dismiss the next day.[22] Plaintiff filed an amended complaint,[23] and defendant did not supplement his motion to dismiss. Plaintiff also filed a motion for summary judgment to enforce the settlement he alleges he reached with defendant over email.[24]

## II. MOTION TO DISMISS

Adams filed a motion to dismiss plaintiff's original complaint pursuant to Rule 12(b)(6) for failure to state a claim.[25] Defendant argued that plaintiff failed to allege that Adams was an employer, that the complaint failed to state a claim for overtime compensation under the FLSA, and that the complaint fails to allege facts to support an allegation that defendant's conduct was willful.[26] Plaintiff filed an amended complaint with additional allegations on

---

[20] *Id.* at 1.
[21] *See id.*
[22] R. Doc. 12.
[23] R. Doc. 21.
[24] R. Doc. 14.
[25] R. Doc. 12.
[26] *See generally* R. Doc. 12-1.

4

February 14, 2020.[27] The Court ordered defendant to "supplement his motion to dismiss to address the allegations in the amended complaint or to notify the Court if he does not wish to challenge the sufficiency of the amended complaint" within fourteen days.[28] Defendant did not supplement his motion to dismiss, or notify the Court that he did not wish to challenge the sufficiency of the amended complaint.

When a plaintiff files an amended complaint that does not adopt or reference the original complaint, the amended complaint will supersede the earlier complaint, leaving it with no legal effect. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Here, plaintiff's amended complaint does not reference or incorporate his original complaint, and defendant's 12(b)(6) motion is directed solely at plaintiff's original complaint. Defendant also failed to supplement his motion to dismiss to address plaintiff's amended complaint, despite an order from the Court. Defendant's motion to dismiss for failure to state a claim is therefore denied as moot.

---

[27] R. Doc. 21.
[28] R. Doc. 22.

5

## III. MOTION TO ENFORCE SETTLEMENT

Plaintiff seeks to enforce an agreement to settle his claims reached by the parties over email. Federal law determines whether a settlement agreement is valid "where [as here] the substantive rights and liabilities of the parties derive from federal law." *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). "Compromises of disputed claims are favored by the courts." *Id.* (quoting *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967)). Generally, a "district court may summarily enforce a settlement agreement if no material facts are in dispute." *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015). The district court has discretion in determining whether to grant a motion to enforce a settlement agreement. *See Deville v. United States ex rel. Dep't of Veterans Affairs*, 202 F. App'x 761, 762 (5th Cir. 2006) (per curiam).

A binding "agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Lopez v. Kempthorne*, No. H-07-1534, 2010 WL 4639046, at *4 (S.D. Tex. Nov. 5, 2010) (citing *Turner Marine Fleeting, Inc. v. Quality Fab & Mech., Inc.*, 2002 WL 31819199, at *4 (E.D. La. Dec.13, 2002)). "Acceptance is possible through any manifestation of assent that occurs in any reasonable manner." *See* Restatement (Second) of Contracts § 50, cmt. a. (1981). "Federal law

6

does not require settlement agreements to be reduced to writing." *E.E.O.C. v. Phillip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011) (citing *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) (per curiam)).

Here, no material facts are in dispute. Rather, defendant argues only that he is not bound to settle plaintiff's claims on the terms the parties agreed to because "specific terms of the purported promissory note and the purported indemnity obligation were never negotiated or agreed upon by the parties."[29] But defendant does not indicate any specific, material terms that had not been agreed to by the parties. And when a party "who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement." *Fulgence*, 662 F.2d at 1209. Moreover, "[a] district court may exercise its discretion to enforce a settlement agreement where one party to a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement." *Weaver v. World Fin. Corp. of Tex.*, No. 3:09-CV-1124-G, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010) (citing *Daftary v. Metro. Lif. Ins. Co.*, 136 F.3d 137 (5th Cir. 1998) (per curiam).

---

[29] R. Doc. 23 at 2.

*Fulgence* is instructive. In that case, two attorneys orally agreed to settle a plaintiff's Title VII claims for $1440. *Fulgence*, 662 F.2d at 1208. Defense counsel sent plaintiff's counsel formal settlement documents, and plaintiff objected to certain language. *Id.* Defense counsel then deleted the language and sent the finalized settlement document to plaintiff's counsel with a check for $1440. *Id.* Plaintiff then informed defendant that he did not wish to enter the settlement agreement and returned the check and the unexecuted settlement documents. *Id.*

The district court enforced the settlement agreement, and the Fifth Circuit affirmed. The Fifth Circuit found that plaintiff's counsel had full authority to settle the claims, and there was no fraud, coercion, or overreaching in negotiations. *Fulgence*, 662 F.2d at 1209-10. It also held that when a party who has authorized a settlement changes his mind when presented with formal settlement documents, he is nonetheless bound by the terms of his agreement.

This case is analogous to *Fulgence*. Here, the parties manifested an intent to enter a settlement based on agreed-upon material terms. Peragine stated that the parties were "good to go"[30] on the settlement, and all that remained was the drafting of the formal documents. The parties agreed that

---

[30] R. Doc. 14-7 at 2.

8

defendant would pay McGovern $1,000 a month until the claim was paid in full and to indemnify him in a separate suit, in exchange for McGovern's dismissal of the claims at issue here. Defendant's lawyer assented to these terms, and there is no argument that he lacked the authority to do so. That the parties never signed formal settlement document does not allow defendant to renege on the terms that have been agreed upon. As such, the Court grants plaintiff's motion to enforce the settlement.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss plaintiff's complaint, and GRANTS plaintiff's motion for summary judgment to enforce the settlement.

New Orleans, Louisiana, this __14th__ day of May, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE